THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENRY E. YOUNG,

                Petitioner,

vs.

RON FRAKER, Superintendent, Clallam Bay Correctional Center,

                Respondent.

No. C11-798Z

ORDER

## I. Introduction

THIS MATTER comes before the Court on Henry Young's Petition for Writ of Habeas Corpus. The Court, having reviewed the petition, the Respondent's Motion to Dismiss, the Report and Recommendation of the Honorable Brian A. Tsuchida, United States Magistrate Judge, the objections and response to objections thereto, and the remaining record, hereby enters the following order:

ORDER - 1

(1) The Court ADOPTS IN PART and MODIFIES IN PART the Report and Recommendation, docket no. 24;

(2) The Court DENIES the Petition for Writ of Habeas Corpus, docket no. 6, and DISMISSES this matter with prejudice; and

(3) The Court DENIES a certificate of appealability.

## II.     Factual and Procedural History

The Court adopts the recitation of facts in the Report and Recommendation, docket no. 24, with the following modifications.

The Antiterrorism and Effective Death Penalty Act's ("AEDPA") statute of limitations first began to run on December 20, 2007 – not January 23, 2008 – 91 days after the September 20, 2007, order of the Washington Supreme Court that denied reconsideration on direct appeal. See Mandate, State of Washington v. Young, Washington Supreme Court Case No. 76533-2, Ex. 5 to Mot. to Dismiss (docket no. 17-1 at 77). The statute then ran for 189 days – not 156 days – until it was tolled when Mr. Young constructively filed his first Personal Restraint Petition ("PRP") by signing it on June 26, 2008. See PRP, In re Young, Washington Court of Appeals Case No. 62230-7-I, Ex. 6 to Mot. to Dismiss (docket no. 17-1 at 87). It was then tolled until October 14, 2009, the date the order of the Washington Court of Appeals became final – not September 9, 2009, the date the Washington Supreme Court denied Petitioner's motion to modify. See Certificate of Finality, In re Young, Washington Court of Appeals Case No. 62230-7-I, Ex. 9 to Mot. to Dismiss (docket no 17-1 at 94); 28

U.S.C. § 2244(d)(2); Wash. R. App. P. 12.5(e). The statute then ran for 176 more days and expired on April 9, 2010, not April 6, 2010. Mr. Young constructively filed his third PRP on August 11, 2010, not August 10, 2010. See PRP, In re Young, Washington Court of Appeals Case No. 65850-6-I, Ex. 13 to Mot. to Dismiss (docket no. 17-1 at 123).[1] Petitioner filed his current federal habeas petition on May 11, 2011, more than one year after the federal statute of limitations had expired on April 9, 2010. Therefore his federal habeas petition is untimely under the federal statute of limitations. 28 U.S.C. § 2244(d).

The Report and Recommendation did not address the fact that Mr. Young filed a prior federal habeas petition on August 29, 2008, which was dismissed for failure to exhaust on October 14, 2008. See Young v. State of Washington, C08-1256-JCC-JPD (docket nos. 4, 7).[2] He subsequently filed a Motion for Extension of Time on September 8, 2009, almost a year after dismissal, informing the court that "the supreme court [of Washington] has set a date for the [Personal Restraint Petition] to be heard" and requesting that the court "allow petitioner a 90-day extension to file any issues in concern with this court." Id. (docket no. 9). His motion was denied by Judge Coughenour on September 22, 2009, on the basis that "Petitioner's state-court claims are still pending." Id. (docket no. 10).

---

[1] The Court notes that the technical corrections to the filing dates have no bearing on the outcome of this case.

[2] Petitioner did not bring his prior habeas petition to the Magistrate Judge's attention. See Response to Motion to Dismiss (docket no. 21); Surreply (docket no. 23).

ORDER - 3

**III. Discussion**

The Court adopts the analysis of the Report and Recommendation, with the following modifications.

**A. Equitable Tolling**

The Court adopts the conclusion of the Report and Recommendation that Petitioner's habeas petition is time barred under AEDPA and that equitable tolling is not available. For the first time in his objections to the Report and Recommendation, docket no. 30, Petitioner argues that his petition should be subject to equitable tolling because he has been diligently pursuing his rights and Judge Coughenour erroneously denied Petitioner's Motion for Extension of Time to file a renewed habeas petition in federal district court, constituting an extraordinary circumstance. The Court modifies the Report and Recommendation to take this new argument into account.

Equitable tolling is available when a petitioner has pursued his rights diligently and "some extraordinary circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2563 (2010). Petitioner must show that the extraordinary circumstances "were the but-for and proximate cause of his untimeliness." Allen v. Lewis, 255 F.3d 798, 800 (9th Cir. 2001). Equitable tolling is not available in most cases. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Petitioner cites to Smith v. Ratelle, 323 F.3d 813, 819 (9th Cir. 2003), and Tillema v. Long, 253 F.3d 494, 504 (9th Cir. 2001), as examples of cases where a district court's dismissal of a habeas petition was sufficiently extraordinary to justify

equitable tolling. In both Smith and Tillema, pro se petitioners had brought timely habeas petitions with a mix of exhausted and unexhausted claims. The Ninth Circuit held that equitable tolling applied where the district court should have advised pro se petitioners of their option to strike their unexhausted claims and stay and abey their petitions as an alternative to dismissal, when the district courts' dismissal came after the one-year period of AEDPA had expired and thus caused all of petitioners' claims to be time-barred on refiling. Petitioner argues that, like in Smith and Tillema, Judge Coughenour should have considered staying and abeying his petition and that Judge Coughenour's denial of his Motion for Extension of Time mislead Petitioner into returning to state court to pursue relief, where the AEDPA statute of limitations eventually expired.[3] The Court disagrees.

The stay-and-abeyance procedure, discussed by the Ninth Circuit in Smith and Tillema as the appropriate alternative to dismissal, would not have been appropriate in this case. The stay-and-abeyance procedure is available to petitioners who have filed mixed petitions of exhausted and unexhausted claims, and who would risk the expiration of the AEDPA clock by having their habeas petitions dismissed outright for failure to exhaust. It is a three-step procedure in which (1) a petitioner removes

---

[3] After receiving the denial of his motion, Petitioner filed a second PRP in state court, which was ultimately dismissed as untimely by the state court. Because his second PRP was untimely, the AEDPA clock never paused while Petitioner pursued relief in state court, and AEDPA's statute of limitations expired by the time the state court ruled, and by the time he brought the habeas petition which is now before the Court. See Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that a petition rejected by the state court as untimely does not toll the AEDPA statute of limitations).

ORDER - 5

unexhausted claims from a petition; (2) the district court stays and holds in abeyance the amended petition; and (3) the prisoner re-amends his petition to add the newly-exhausted claims after litigating them in state court. See Robbins, III, v. Carey, 481 F.3d 1143, 1148 (9th Cir. 2007). In this case, in contrast to Smith and Tillema, when Petitioner filed his Motion for Extension of Time – not even a habeas petition – he had not brought any exhausted claims which the court could have considered staying. Accordingly, Judge Coughenour did not err in denying Petitioner's Motion for Extension of Time without considering the stay-and-abey option.

In addition, Smith and Tillema were decided prior to Pliler v. Ford, 542 U.S. 225 (2004), which eliminated any affirmative duty on the part of district court judges to explain to pro se petitioners the requirements of AEDPA and to advise petitioners of their options. Accordingly, Judge Coughenour had no duty to advise Petitioner of his options upon denial of his Motion for Extension of Time. Moreover, although under Pliler Petitioner may still be subject to equitable tolling if the district court affirmatively mislead Petitioner, Judge Coughenour's denial was not misleading since the denial specifically advised Petitioner that "[b]ecause Petitioner's state-court claims are still pending…, his motion is not properly before the Court." Young v. State of Washington, C08-1256-JCC-JPD (docket no. 10); see also Pliler, 542 U.S. at 235 (O'Connor, J., concurring) ("[I]f the petitioner is affirmatively misled, either by the court or by the State, equitable tolling might well be appropriate."); Brambles v.

Duncan, 412 F.3d 1066, 1069-71 (9th Cir. 2005). The implication of this statement is that once his state court claims were exhausted, Petitioner could return to federal court.

Finally, in both Smith and Tillema, AEDPA's one-year limitation period had expired between the timely filing of the habeas petitions and the district courts' dismissal of the mixed petitions for failure to exhaust some claims, making the district courts' dismissal the proximate cause of the petitioners' time bar under AEDPA. In contrast, here Judge Coughenour's denial of the Motion for Extension of Time came within the one-year limitations period, giving Petitioner ample time to return to federal court. The AEDPA period expired, not when Petitioner was pursing relief in federal court, but when he returned to state court to file an untimely claim. Accordingly, Judge Coughenour's denial of his motion was not the proximate cause of Petitioner's untimeliness.

### B. Certificate of Appealability

The Court adopts the conclusion of the Report and Recommendation that a certificate of appealability should not issue. No jurists of reason could disagree with the Court's conclusion that the present petition is time-barred or that the issues presented do not deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

### IV. Conclusion

(1) The Court ADOPTS IN PART and MODIFIES IN PART the Report and Recommendation, docket no. 24;

(2) The Court DENIES the Petition for Writ of Habeas Corpus, docket no. 6, and DISMISSES this matter with prejudice;

(3) The Court DENIES a certificate of appealability; and

(4) The Clerk is directed to send a copy of this Order to Petitioner, all counsel of record, and to the Honorable Brian A. Tsuchida.

IT IS SO ORDERED.

DATED this 22nd day of May, 2012.

*Thomas S. Zilly*
THOMAS S. ZILLY
United States District Judge

ORDER - 8